IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-84-D

| | |
|---|---|
| ARGUS NEUROOPTICS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES J. MATTHEWS, )<br>)<br>Defendant. ) | **ORDER** |

On February 25, 2011, Argus NeuroOptics, LLC ("Argus" or "plaintiff") filed this action against Charles J. Matthews ("Matthews" or "defendant") seeking a declaratory judgment construing Argus's patent rights under an "Invention Assignment Agreement" ("the Agreement"), a declaratory judgment and injunctive relief enforcing Argus's ownership rights under the Agreement, damages for breach of fiduciary duty and breach of contract, and attorney's fees [D.E. 1]. On March 25, 2011, defendant filed a motion to dismiss, arguing that the court lacks subject-matter jurisdiction to consider the complaint [D.E. 8]. On April 14, 2011, plaintiff responded in opposition [D.E. 10]. On May 2, 2011, defendant filed a reply [D.E. 11]. For the reasons explained below, the court grants defendant's motion to dismiss.

I.

Argus researches and develops medical devices and treatments in the fields of photobiology, laser therapy, photomedicine, and biofeedback. Compl. ¶ 2. Matthews and two others founded Argus. Id. On December 2, 2009, Matthews signed an "Invention Assignment Agreement" by which he assigned a pending patent application and "related inventions" that included "all inventions, rights, titles, and interests throughout the world, concepts, know-how, improvements,

and trade secrets, whether or not patentable or registrable under copyright or trademark law related to" the pending patent application and "the general fields of photobiology, laser therapy, photomedicine, medical devices, and algorithms related to biofeeback and control." Compl., Ex. 1. Matthews also agreed to "promptly make full written disclosure" to Argus concerning any of his activities subject to the agreement. Id. The relationship between Matthews and Argus has deteriorated. See Compl. ¶¶ 18, 21–25. Matthews is "working on a series of new patents" and refuses to disclose information to Argus. Id. However, Argus is unaware of whether Matthews is in violation of the Agreement. Id. ¶¶ 3, 26. Thus, Matthews "has compelled Argus to enforce its rights through this lawsuit." Id. ¶ 26.

In count one, Argus seeks a declaratory judgment that the six specific items listed in the Agreement are "patentable material." Compl. ¶¶ 27–29, Ex. 1 at 2. Alternatively, Arugs seeks a declaratory judgment that any non-patentable items are copyrightable or trademarkable. Id. ¶ 29. In count two, Argus seeks a declaratory judgment that Matthew's "future inventions . . . in the general fields of photobiology, laser therapy, photomedicine, medical devices, and algorithms related to biofeedback and control, which might be applied commercially,"constitute "patentable material." Id. ¶¶ 30–32, Ex. 1 at 2. Alternatively, Argus seeks a declaratory judgment that any future inventions in these general fields are copyrightable or trademarkable. Id. ¶ 32. In count three, Argus requests a declaratory judgment that it is the sole owner of all inventions covered by the Agreement. Id. ¶¶ 33–34. In count four, Argus requests a declaratory judgment or an injunction preventing Matthews from taking any action or asserting any claim that is inconsistent with Argus's ownership rights under the Agreement. Id. ¶¶ 35–36. In count five, Argus demands attorney's fees pursuant to 35 U.S.C. § 285. Id. ¶¶ 37–40. In count six, Argus alleges Matthews has breached his fiduciary duty to Argus. Id. ¶¶ 41–44. In count seven, Argus alleges Matthews breached the Agreement. Id.

2

¶¶ 45–48. Argus asserts the court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1367 because it has pled one or more claims arising under federal patent law and pled one or more state law claims for which federal patent law is a necessary element. Id. ¶ 5.

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A federal court may properly exercise jurisdiction in a declaratory judgment action only if "the complaint alleges an 'actual controversy' between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment" and "the court possesses an independent basis for jurisdiction over the parties." Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004). The Declaratory Judgment Act "is not an independent basis for subject matter jurisdiction." Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1335 (Fed. Cir. 2008). Only if a case meets the case or controversy requirement of Article III will a district court have jurisdiction over a declaratory judgment action. Id. Thus, a dispute must "'be definite and concrete, touching the legal relations of parties having adverse legal interests' . . . and 'admi[t] of specific relief through a degree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)). To determine whether a court "possesses an independent basis for jurisdiction over the parties," a court applies the well-pleaded complaint rule to a hypothetical traditional complaint. Discover Bank v. Vaden, 396 F.3d 366, 371 (4th Cir. 2005), rev'd on other grounds, 556 U.S. 49 (2009); Fina Oil & Chem. Co. v. Ewen, 123 F.3d 1466, 1470 (Fed. Cir. 1997). Thus, if the federal question would only arise as a defense to a state created action, jurisdiction is lacking. Discover Bank, 396 F.3d at 371.

3

The typical declaratory judgment action involving patents arises when a plaintiff seeks a declaratory judgment of non-infringement or invalidity of a defendant's patent. See, e.g., Arris Grp., Inc. v. British Telecomms. PLC, 639 F.3d 1368, 1373 (Fed. Cir. 2011). However, a declaratory judgment of patent rights requires the existence of a patent. See GAF Bldg. Materials Corp. v. Elk Corp., 90 F.3d 479, 482–83 (Fed. Cir. 1996). Thus, a dispute concerning a pending patent application is "purely hypothetical" and cannot support a declaratory judgment action because such a declaratory judgment would have "no legal meaning or effect." Id.

Here, Argus's declaratory judgment demands do not arise from actual controversies within this court's jurisdiction. As for counts one and two, Argus seeks a declaration that certain specific items and general classes of items are "patentable material." Compl. ¶¶ 27–32. Alternatively, Argus seeks a declaratory judgment that such non-patentable inventions constitute copyrightable material under federal copyright law or trademarkable material under federal trademark law. See id.

"[A] number of statutory requirements must be satisfied before a patent can issue. The claimed subject matter must be useful, novel, and not obvious. . . . In addition, the patent application must describe, enable, and set forth the best mode of carrying out the invention." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 736 (2002). Furthermore, Congress has tasked the United States Patent and Trademark Office ("PTO") with the responsibility of granting and issuing patents. See 35 U.S.C. § 2. Judicial review of the PTO's determination requires the exhaustion of administrative remedies. See, e.g., Leighton v. Coe, 130 F.2d 841, 842 (D.C. Cir. 1942); Bullard v. United States, No. 09 1670, 2009 WL 2872739, at *1 (D.D.C. 2009) (unpublished). The subject matter of Argus's Agreement is exceedingly broad and lacks the detail necessary for a determination of patentability. See 35 U.S.C. § 111(a); 37 C.F.R. § 1.77; Festo Corp., 535 U.S. at 736. Thus, even if this court had the authority to determine whether a specific item is patentable, a

4

declaratory judgment on this "purely hypothetical" question would have "no legal meaning or effect." See GAF Bldg. Materials Corp., 90 F.3d at 482–83. Finally, Argus fails to demonstrate that a dispute with Matthews exists regarding whether these items are patentable, copyrightable, or trademarkable. See MedImmune, Inc., 549 U.S. at 127. Accordingly, Argus has failed to plead facts sufficient to support this court's subject-matter jurisdiction over claims one and two and they are dismissed.

As for count three, Argus seeks a declaratory judgment that it is the sole and exclusive owner of the items listed in the Agreement. However, a pure question of ownership "is not a suit under an Act of Congress relating to patents as required by [28 U.S.C.] § 1338(a)." Beghin-Say Int'l, Inc. v. Rasmussen, 733 F.2d 1568, 1571 (Fed. Cir. 1984) (quotations omitted); see Hif Bio, Inc. v. Yung Shin Parm. Indus. Co., 600 F.3d 1347, 1356–57 (Fed. Cir. 2010); E.I. du Pont de Nemours & Co. v. Okuley, 344 F.3d 578, 582 (6th Cir. 2003); Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1327 (Fed. Cir. 2002). Thus, the court lacks an independent basis for jurisdiction, and count three is dismissed. See Volvo Const. Equip. N.A., Inc., 386 F.3d at 592.[1]

Next, Argus contends that its claims for breach of fiduciary duty and breach of contract in counts six and seven support subject-matter jurisdiction pursuant to Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988). Pl.'s Resp. Opp'n 10. Argus claims that to properly consider and rule upon those claims, a court will "necessarily have to determine whether the material assigned

---

[1] Alternatively, because the court lacks original jurisdiction over the claims in count six and seven, see infra, the court declines to exercise its jurisdiction over the declaratory judgment claims. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995); Great Am. Ins. Co. v. Gross, 468 F.3d 199, 210 (4th Cir. 2006). "The fact is that the outcome of the present . . . action, however it may be decided in a state court or under state law, is a matter of monumental disinterest to the federal government." Beghin-Say Int'l, Inc., 733 F.2d at 1572. Thus, the court declines to exercise jurisdiction pursuant to 28 U.S.C. § 2201. Cf. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493–94 (4th Cir. 1998) (discussing factors district courts should consider when declining to exercise discretion in declaratory judgment actions when parallel state action is pending).

5

to Argus in the . . . Agreement is patentable and/or copyrightable under federal law." Id.

In Christianson, the Supreme Court held that a state-law claim arises under the patent laws only when patent law is essential to every theory of a claim as pled in the complaint. 486 U.S. at 810; Bd. of Regents, Univ. of Tex. v. Nippon Tel. & Tel. Corp., 414 F.3d 1358, 1363–64 (Fed. Cir. 2005); E.I. du Pont de Nemours & Co., 344 F.3d at 581–82; Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d 1277, 1279 (Fed. Cir. 2001); Am. Tel. & Tel. Co. v. Integrated Network Corp., 972 F.2d 1321, 1325 (Fed. Cir. 1998). Here, the language of the Agreement indicates that Matthew's obligations apply to "any and all inventions, rights, titles, and interests throughout the world, concepts, know-how, improvements, and trade secrets" regardless of whether or not they are "patentable or registrable under copyright or trademark law." Compl., Ex. 1 at 1. Thus, Matthews appears obligated to provide documentation to Argus regardless of patentability. Because Argus "may rely on one theory with patent connotations, and on another theory involving no patent question," "any patent issue is not necessary to [Argus's] claim, and is . . . not a substantial question of patent law; it is ancillary and cannot of itself sustain jurisdiction." Am. Tel. & Tel. Co., 972 F.2d at 1325. Accordingly, counts six and seven fail to establish federal question jurisdiction, and they are dismissed. See 28 U.S.C. § 1367(a).

As for count four, federal courts may only issue injunctions in suits over which they have jurisdiction. Because the court lacks jurisdiction, count four is dismissed.

As for count five, 35 U.S.C. § 285 only supports an award of attorney's fees in exceptional cases arising under the patent laws. See 35 U.S.C. § 285; Wilson v. Cont'l Dev. Co., 112 F. Supp. 2d 648, 666 (W.D. Mich. 1999). This case fails to arise under the patent laws within the meaning of 35 U.S.C. § 285. Thus, count five is dismissed.

II.

In sum, the court lacks subject-matter jurisdiction over each claim in this action. Accordingly, defendant's motion to dismiss [D.E. 8] is GRANTED.

SO ORDERED. This 24 day of August 2011.

JAMES C. DEVER III
United States District Judge